IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 3:21-cr-32 |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| MATTHEW PATRICK LANGENBERG, | ) | |
| | ) | |
| Defendant. | ) | |

**TABLE OF CONTENTS**

I.  INTRODUCTION………………………………………………………………………….1

II.  SENTENCING PROCEDURE……………………………………………………………….2

III.  PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), A SENTENCE BELOW THE ADVISORY GUIDELINE RANGE IS SUFFICIENT…………………......2

IV.  PROPOSED SPECIAL CONDITION IN PARAGRAPH 116..……………………………7

V.  CONCLUSION……………………………………………………………………….....7

**I.  INTRODUCTION**

On August 24, 2021, Mr. Langenberg accepted responsibility for his conduct by pleading guilty to Count One, Receiving Child Pornography. This matter is scheduled for a sentencing hearing on December 23, 2021. The final presentence report calculated a total offense level of 27, and a criminal history category of I, resulting in an advisory sentencing guideline range of 70-87 months. (PSR, ¶ 89). The statutory minimum term of imprisonment is five years. (PSR, ¶ 88).

Mr. Langenberg does not object to these calculations. However, he is requesting a

1

downward variance to a 60 month sentence because such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of sentencing. Further, he has objected to the proposed special condition which is set forth in paragraph 116.

## II. SENTENCING PROCEDURE.

The United States Supreme Court, in *United States v. Booker*, 125 S. Ct. 738(2005), held that the United States Sentencing Guidelines are advisory, as opposed to mandatory. *Id*. 125 S. Ct. at 757.

> "Thus, the sentencing court must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the imposition of a sentence...Once the applicable range is determined, the court should then decide if a traditional departure is appropriate under Part K and/or §4A1.3 of the Federal Sentencing Guidelines. Those considerations will result in a 'guidelines sentence.' Once the guidelines sentence is determined, the court shall then consider all other factors set forth in §3553(a) to determine whether to impose a sentence under the guidelines or a non-guidelines sentence."

*United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005).

## III. PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), A SENTENCE BELOW THE ADVISORY GUIDELINE RANGE IS SUFFICIENT.

A. <u>Legal Authority</u>

It is well established that the court shall consider all factors set forth in 18 U.S.C. § 3553(a) to determine whether a sentence is sufficient, but not greater than necessary, to address the sentencing purposes outlined in paragraph 2 of this subsection. *See United States v. Haack*, 403 F.3d 997,1003 (8th Cir. 2005). Paragraph 2 provides the following stated purposes:

> "The need for the sentencing imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing factors to be considered by the court include the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available. 18 U.S.C. § 3553(a)(1). In addition to these sentencing factors, the court is permitted to entertain policy considerations pertinent to the relevant guideline section. *Rita v. United States*, 127 S. Ct. 2456, 24654 (2007). The court may vary outside of the guideline range based on a policy disagreement with the underlying guideline section. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). The sentencing court "may not presume that the guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented to arrive at a sentence that is sufficient, but not greater than necessary." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

B. Analysis

One problem with USSG §2G2.2 is that the typical defendant scores very high under the guidelines relative to the statutory mandatory minimum and maximum sentence. The applicable guideline range is substantially inflated based on factors that do not take into account the individual circumstances of the case. In December of 2012, the Federal Sentencing Commission released a report to Congress addressing this issue. *See United States Sentencing Commission's Report to Congress: Federal Child Pornography Offenses* (2012) ["*Commission's Report*"]. The report in large part was a response to the number of below-guideline sentences in cases involving child pornography guidelines for non-production offenders. *Id*. at ii. The report notes that "as a result of recent changes in the computer and Internet technologies that typical non-production offenders use, the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their degrees of culpability." *Id.* at 323. Enhancements

3

for the use of the computer, the type of images and the volume of images "now apply to most offenders." *Id*. at 209, 323. Thus, the guideline "fails to differentiate among offenders in terms of their culpability." *Id*.

While the individual circumstances relating to culpability may vary significantly, the enhancements are applied in equal force. Certain enhancements apply in most every case and are not effective in differentiating aggravated offenses. Based on 2020 statistics published by the United States Sentencing Commission, these enhancements are applied with the following regularity:

| Material involving a minor under 12 ( §2G2.2(b)(2)) | 93.6% |
| Use of computer (§2G2.2(b)(6)) | 94.2% |

*See United States Sentencing Commission, Use of Guidelines and Specific Offense Characteristics for fiscal year* 2020, available at http://www.ussc.gov.

In finding §2G2.2 ill-suited to fashioning a reasonable sentence, the court in *United States v. Beiermann, 599 F.Supp. 2d 1087, 1105 (N.D. Iowa 2009),* found that the guideline "impermissibly and illogically skews sentences for even average defendants to the upper end of the statutory range, regardless of the particular defendant's acceptance of responsibility, criminal history, specific conduct, or degree of culpability." The court further found that the guideline enhancements, "some quite extreme, are based on circumstances that appear in nearly every child pornography case: using the internet, amassing numerous images (made particularly easy by the internet), presence of video clips counted as 75 images each, presence of images of prepubescent

minors and violence (broadly defined to include a prepubescent minor engaged in a sex act)...."
*Id*. For those reasons, the court rejected the advisory guideline range on policy grounds. *Id.*

Although the defendant's conduct in the present case was committed in a manner very typical of his charge, his guideline range is enhanced well above the base offense level. These enhancements correlate to commission of the offense with the use of computer technology, rather than to aggravated personal characteristics or offense conduct. The enhancements contained in the above chart have the following impact on the defendant's offense level:

| | |
|---|---|
| Material involving a minor under 12 ( § 2G2.2(b)(2)) | +2 |
| Use of computer (§2G2.2(b)(6)) | +2 |
| **TOTAL ENHANCEMENT** | **+4** |

These enhancements, inherent to the commission of the offense, increase the defendant's advisory sentencing guideline range from well below the mandatory minimum to 70-87 months. This does not even include an additional two level enhancement based on the number of images. Some courts have also ruled that because the applicable guideline was not adopted following the normal empirical approach, it is entitled to less deference than other guideline provisions. *See United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) and *United States v. Grober*, 624 F.3d 592, 608 (3d Cir. 2010).

C. <u>The History and Characteristics of Mr. Langenberg.</u>

Mr. Langenberg is 52 years of age. His parents divorced when he was approximately eight years old. (PSR, ¶ 50). However, Mr. Langenberg was undeterred by his parents' divorce

and described his childhood as "great." *Id*. Mr. Langenberg graduated from high school and college, and he has an excellent work history. (PSR, ¶¶ 70, 71, 75-79). While Mr. Langenberg was on pretrial release, he complied with all conditions of release. (PSR, ¶ 9). Further, since he was taken into custody following his guilty plea, he has not incurred any violations. (PSR, ¶ 10).

Mr. Langenberg has no criminal history points. (PSR, ¶ 45). His only conviction was for a misdemeanor in 1989. (PSR, ¶ 44). He has never served a jail or prison sentence. Therefore, even a sentence of the mandatory minimum of five years would be very significant to him. A prison sentence will have a more punitive effect on him than on someone who has been to prison before and chosen to reoffend. This consideration is relevant to the Court's determination of what type of sentence would constitute "just punishment." *See United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006).

Following Mr. Langenberg's sentence, there will be a mandatory period of supervised release. His recommended conditions include: sex offender treatment, no contact with minors, no unauthorized access to a computer or related device, and a submission to searches conducted by the probation office. Thus, the supervision will result in close monitoring over a lengthy period of time.

Based on all of the relevant 18 U.S.C. § 3553(a) factors, a variance is appropriate in the present case. First, the applicable guideline provision does not adequately reflect the specific characteristics of Mr. Langenberg. Second, because the applicable guideline was not adopted following the normal empirical approach, it is entitled to less deference than other guideline provisions. Third, as was demonstrated above, there are many individual mitigating factors in Mr. Langenberg's case. Fourth, this case involved a relatively low number of images. (PSR,

¶¶ 15, 19).   Finally, the letters which were submitted on behalf of Mr. Langenberg show that he has excellent family and community support, which will be a major benefit to him when he is released from prison.

## IV.     PROPOSED SPECIAL CONDITION IN PARAGRAPH 116.

18 U.S.C. § 3583(d) provides that a special condition of supervised release must:

(1)  be reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a);
(2)  involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and
(3)  be consistent with any pertinent policy statements issued by the Sentencing Commission.

Mr. Langenberg has objected to the proposed special condition which is set forth in paragraph 116.   The basis for the proposed special condition is to provide Mr. Langenberg's future supervised release officer "with the ability to track his financials in order to ensure the defendant is paying any court ordered restitution while on a term of supervised release."   (Response to Defendant's Objection No. 8).   To date, it does not appear that any claim for restitution has been made.   Therefore, there is no basis for the special condition described in paragraph 116.

## V.     CONCLUSION

WHEREFORE, Mr. Langenberg respectfully requests that the Court impose a sentence of 60 months in this case.

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE: (563) 322-8931
TELEFAX: (563) 383-0052
EMAIL: terry_mcatee@fd.org


By: /s/ *Terence McAtee*
    **Terence McAtee**
    Assistant Federal Defender
    ATTORNEY FOR DEFENDANT


cc: Torrie Schneider, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on December 16, 2021, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
    /s/