IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 3:21-cr-32 |
| v. | ) | |
| | ) | SENTENCING MEMORANDUM |
| MATTHEW PATRICK LANGENBERG | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing set for December 23, 2021 at 9:00 a.m.

## TABLE OF CONTENTS

I. **BACKGROUND** .......................................................................................1

II. **SENTENCING CALCULATION** ............................................................2

III. **GOVERNMENT'S RECOMMENDATION** ...........................................2

### I. BACKGROUND

A two-count Superseding Indictment was filed on April 6, 2021, in the Southern District of Iowa, charging Matthew Patrick Langenberg (Defendant) with Receiving Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (PSR ¶ 1-2.) A Notice of Forfeiture was also filed under 18 U.S.C. § 2253. (PSR ¶ 1.)

On August 24, 2021, Defendant pleaded guilty to Count One of the Indictment. On September 1, 2021, a supplemental change of plea hearing was held, in which

1

Defendant pleaded guilty to Count One of the Superseding Indictment. On September 17, 2021, the Court accepted Defendant's plea and adjudicated him guilty. (PSR ¶ 3.)

## II. SENTENCING CALCULATION

In the presentence report paragraphs 27-41 and 89, Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level<br>USSG § 2G2.2 | 22 |
| Receipt Only<br>USSG § 2G2.2(b)(1) | -2 |
| Prepubescent Minor<br>USSG § 2G2.2(b)(4)(B) | +2 |
| Infant/Toddler<br>USSG § 2G2.2(b)(4)(B) | +4 |
| Use of a Computer<br>USSG § 2G2.2(b)(6) | +2 |
| Number of Images<br>USSG § 2G2.2(b)(7)(A) | +2 |
| Acceptance of Responsibility<br>USSG § 3E1.1(a), (b) | -3 |
| **Total Offense Level** | **27** |
| Criminal History Category | I |
| Guideline Sentencing Range: | 70 to 87 months |

## III. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford

adequate deterrence to criminal conduct; to protect the public from further crimes of Defendant; and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of Defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

When fashioning the appropriate sentence in this case, the Court should consider the nature and circumstances of the offense. Defendant was employed at Carpet One and was accused of recording female employees on his company-issued cell phone without their knowledge or consent. (PSR ¶ 13.) Carpet One began a sexual harassment investigation and reviewed Defendant's cell phone to determine whether he had recorded female employees. *Id.* In his manual review of Defendant's cell phone, the store manager observed what he believed to be child pornography and turned the phone over to law enforcement. *Id.*

Law enforcement conducted a consensual forensic examination of the cell phone and observed 56 images depicting child pornography and approximately 80 images depicting child erotica. *Id.* ¶ 15. On Defendant's laptop, law enforcement located one video depicting child pornography. *Id.* ¶ 19. The child pornography images depicted children as young as three-to-six years old. *Id.* ¶ 16. Defendant also had the Keepsafe application, an encrypted storage application, which allowed him

3

to store his child pornography away from prying eyes. *Id.* ¶ 17. The forensic examination also revealed that Defendant's searches included the terms "preteen" and "budding." *Id.* Specifically, Defendant searched the term "budding" 78 times since July 30, 2020. *Id.* Finally, Defendant used Bit Torrent software to obtain his child pornography, reflecting a sophistication and experience. *Id.*

In addition to the child pornography law enforcement located, they also located a covert recording on Defendant's laptop of an adult female using the toilet. *Id.* ¶ 42. This is important as it confirms the reason law enforcement had initial contact with Defendant and obtained his company-issued cell phone in the first place. In addition to receiving, possessing, and viewing child pornography, Defendant covertly recorded adult females for his sexual gratification. As such, the nature and circumstances of this offense are serious.

The Court should also consider Defendant's history and characteristics, which do not provide a framework for understanding Defendant's conduct. Defendant did not suffer any abuse as a child, including sexual abuse. *Id.* ¶ 50. As a child, Defendant's basic needs were always met, he was a good student, and had "tons" of friends. *Id.* He graduated from high school and obtained a bachelor's degree. *Id.* ¶ 70-71.

Defendant does not have a significant history of substance abuse issues. *Id.* ¶¶ 66-68. While it appears that he struggled with alcohol in the past, he reports ceasing drinking before he was indicted. *Id.* ¶ 66. Before being fired from Carpet

4

One because of sexual harassment claims, Defendant held the same job for six years and before that he consistently held long-term employment. *Id.* ¶¶ 74-79.

Finally, Defendant does not report significant mental health issues or suicide ideations and does not desire any mental health treatment. *Id.* ¶¶ 64.

Therefore, there is nothing in Defendant's history and characteristics that would have predicted his conduct or provides an understanding of it, which makes this offense even more concerning.

After considering all the sentencing factors, including the need to protect the public and victims and deterrence to future criminal conduct, the government respectfully requests the Court impose a guideline sentence, which would be sufficient but not greater than necessary.

                                                Respectfully submitted,

                                                Richard D. Westphal
                                                United States Attorney

                                      By: */s/ Torrie J. Schneider*
                                                Torrie J. Schneider
                                                Assistant United States Attorney
                                                U.S. Courthouse
                                                131 E. Fourth Street, Suite 310
                                                Davenport, Iowa 52801
                                                Tel: (563) 449-5432
                                                Email: torrie.schneider@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021,
I electronically filed the foregoing with
the Clerk of Court using the CM ECF system.

UNITED STATES ATTORNEY

By: */s/ Torrie J. Schneider*
     Torrie J. Schneider

5